IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PAUL GRATTON | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:20-00509 |
| | ) | |
| DISMAS CHARITIES, INC., et al. | ) | |

**TO: Honorable William L. Campbell, Jr., District Judge**

# REPORT AND RECOMMENDATION

By Order entered June 24, 2020 (Docket Entry No. 5), this habeas corpus action filed under 28 U.S.C. § 2241 by a federal prisoner was referred to the Magistrate Judge for consideration of all pretrial matters. For the reasons set out below, the undersigned respectfully recommends that the petition be denied and this case be dismissed.

## I. FACTUAL BACKGROUND

In March 2017, a jury in this District convicted Paul Gratton ("Petitioner") of five counts of illegally importing or possessing firearms. *See United States of America v. Paul Gratton*, 3:16-cr-00043 ("*United States v. Paul Gratton*"). On December 5, 2017, he was sentenced to a total of 45 months of imprisonment to be followed by three years of supervised release.[1] Petitioner's request to be released pending appeal was denied, and he reported to the United States

---

[1] *See United States v. Paul Gratton* at Docket Entry Nos. 278 and 280.

Bureau of Prisons ("BOP") on February 5, 2018, to begin serving his sentence.[2] Petitioner's convictions and sentence were affirmed on August 24, 2018, upon his appeal to the Sixth Circuit.[3]

While confined at the United States Penitentiary, Big Sandy, located in Inez, Kentucky, Petitioner, pursuant to the First Step Act of 2018 ("First Step Act"), filed a *pro se* motion in his criminal case on January 27, 2020, for compassionate release from incarceration and a transfer into a residential re-entry center under 18 U.S.C. § 3582(c)(1)(A). On March 13, 2020, the Court denied the motion on the merits, finding that Petitioner had not shown extraordinary and compelling reasons that warranted his early release.[4] In its Order, the Court noted that the challenge raised by Petitioner in his motion that was based on the BOP's alleged failure to transfer him to a residential re-entry center must be raised through an action brought under 28 U.S.C. § 2241.

On or about June 11, 2020, Petitioner was transferred to home confinement and the oversight of Dismas Charities, Inc., a regional re-entry center in Rutherford County, Tennessee.[5] On April 5, 2021, he was released from his sentence of confinement and began serving his three year term of supervised release within this District.[6]

## II. HABEAS CORPUS PETITION

On June 17, 2020, Petitioner filed the pending *pro se* petition for habeas corpus relief under 28 U.S.C. § 2241. *See* Petition (Docket Entry No. 1). Petitioner additionally refers to 28 U.S.C.

---

[2] *Id.* at Docket Entry Nos. 289 and 293.
[3] *Id.* at Docket Entry No. 307.
[4] *Id.* at Docket Entry No. 324.
[5] *Id.* at Docket Entry No. 326 and Section 2241 Petition (Docket Entry No. 1) at 2.
[6] *See United States v. Paul Gratton* at Docket Entry Nos. 327 and 332.

2

§ 2243 and 28 U.S.C. § 1331 as a basis for his petition. Petitioner claims that he has been incarcerated in excess of his sentence of imprisonment in violation of his Eighth and Fourteenth Amendment rights. *Id*. at 1, 3, and 8. The gist of his petition is his complaint that the BOP has refused to calculate and apply to his sentence Federal Time Credits ("FTC") to which he alleges he is entitled under the First Step Act, thus lengthening the time he has spent in confinement. *Id*. at 1-2 and 6. As relief, he seeks in his petition an order from the Court 1) crediting him with 269 days of FTC, 2) directing his release from his sentence of imprisonment, and 3) placing him on twelve months of supervised release. *Id*. at 13.[7]

Petitioner's argument is based upon provisions of the First Step Act that are set out in 18 U.S.C. § 3632 and that direct the BOP to use an evidence-based approach to make a risk and need assessment of individual inmates and to offer rehabilitative programming to inmates based upon the assessment. A part of these provisions provides for inmates to earn "time credits" based upon their successful completion of "evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632(d)(4) provides, in relevant portion, as follows:

> (A) In general.--A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:

---

[7] Although Petitioner includes in his petition allegations about issues with the BOP's calculation of Good Conduct Time Credits and about issues with the delay of his transfer to home confinement, *see* Petition at 6, he does not contend that he was denied the proper amount of Good Conduct Time Credits and his own allegations are that he was, in fact, placed on home confinement. In his reply to the response filed by Respondent, he unequivocally states that he has received his Good Conduct Time Credits. *See* Reply (Docket Entry No 23) at 1. Accordingly, the Court does not view either of these issues as the basis for Petitioner's actual claim under Section 2241. This view is further supported by the fact that Petitioner's request for relief is directed only at obtaining the benefit of having FTC applied to his sentence.

3

> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (B) Availability.--A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed--
>
> > (i) prior to the date of enactment of this subchapter; or
> > (ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a).
>
> (C) Application of time credits toward prerelease custody or supervised release. -- Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

28 U.S.C. § 3632(d)(4)(A)-(C).[8]

Petitioner asserts that (1) he underwent a Risk and Needs Assessment on November 18, 2019, which declared him to be "eligible" for the First Step Act and assessed his recidivism risk level to be "minimum," *see* Docket Entry No. 1-2, and he has not had a subsequent assessment that increased his risk level and (2) he has, since beginning his incarceration in 2018, worked at prison jobs and duties and completed all programming classes offered. *See* Petition at 6-8. He argues that these activities are the type of "evidence-based recidivism reduction programming or

---

[8] 28 U.S.C. § 3632(d)(4)(D) and (E) provide that prisoners are not eligible for time credits if they are convicted of certain crimes or are deportable. Neither provision applies to Petitioner.

productive activities" contemplated by the First Step Act and that his successful participation in these activities qualifies him under Section 3632(d)(4)(A) for 15 days of time credits for every 30 days that he successfully participated in the activities. *Id*. He argues that he earned 269 days of FTC from the December 21, 2018, effective date of the First Step Act to the time of filing his petition, but that the BOP has refused to apply these credits to his sentence. *See* Petition at 8 and 13. In a declaration attached as an exhibit to his most recent filing, Petitioner contends that additional FTC's have accrued between the date the petition was filed and the date of his release from his sentence of confinement and that he is entitled to a total of 419 days of FTC. *See* Petitioner's Declaration (Docket Entry No. 26) at 2.

Petitioner argues that BOP officials have willfully refused to comply with the First Step Act despite his attempts to remedy the matter. He alleges that he made repeated unsuccessful inquires and requests to prison officials at Big Sandy and to the Designation and Sentence Computation Center for the BOP ("DSCC") for assistance in having the FTCs applied to his sentence. He specifically identifies Warden Hector Joyner, Camp Administrator Tracy Admundson, and Case Manager Rodney Stone as prison officials to whom he made inquiries and requests for assistance. In support of his assertion, he attaches several pages of e-mails and written requests about the matter. *See* Docket Entry No. 1-1 at 21-27; Docket Entry No. 1-4; and Docket Entry No. 1-5. Petitioner also attaches his own declaration memorializing an April 30, 2020, meeting with Camp Administrator Admundson. *See* Docket Entry No. 1-3.

5

## III. RESPONSE

In response to the petition, Respondent contends that the Court lacks jurisdiction over the Section 2241 petition and that Petitioner's claim lacks merit. *See* Response (Docket Entry No. 20) at 3. Although Respondent does not clearly explain the basis for the contention that the Court lacks jurisdiction, this argument appears to be based upon Respondent's assertion that Petitioner fails to show that he has exhausted his administrative remedies on his claim. *Id*. at 5 and 7. Respondent contends that the various documents provided by Petitioner regarding his attempts to have the BOP award him sentence credits are insufficient to show exhaustion of administrative remedies. Respondent further argues that the petition should be denied on the merits because the attachments to the petition show that Petitioner was awarded the proper amount of Good Conduct Time Credits. *Id*. at 5. Finally, Respondent argues that Petitioner fails to show a viable alternative basis for relief by his assertion in the petition that the Court has jurisdiction to adjudicate his claim and provide him with relief pursuant to a constitutional claim brought under 28 U.S.C. § 1331. *Id*. at 7-8.

## IV. ANALYSIS

After review of the petition, the response, and the entire record,[9] the Court finds that the petition may be resolved without an evidentiary hearing. Although the Court rejects Respondent's argument that the Court lacks jurisdiction over the petition, Respondent is correct that Petitioner

---

[9] In addition to his petition, Petitioner has made various other filings in this case, including motions for summary judgment. By Order entered August 13, 2021 (Docket Entry No. 27), the Court denied those motions but noted that the arguments in the motions were essentially duplicative to those made in the petition and reply. The Court has, nonetheless, reviewed the summary judgment motions as if they were supplemental filings to the petition.

6

has not shown that he fully exhausted his available administrative remedies prior to filing his petition for habeas corpus relief. Because of the lack of exhaustion, the Court declines to address the merits of Petitioner's claim and the dismissal of the petition is appropriate. However, because administrative remedies appear to remain available to Petitioner, the dismissal should be without prejudice.

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]" A challenge to the computation of sentence credits by the BOP falls within the scope of Section 2241. *See Hernandez v. Lamanna*, 16 Fed.App'x 317, 320 (6th Cir. 2001) (Section 2241 "is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits"); *United States v. Johnson*, 2014 WL 2619688, at *2 (M.D. Tenn. June 12, 2014) (Sharpe, J.) ("In other words, a petition under Section 2241 filed in the district in which defendant is being held is the method used to challenge the computation of sentence credits by the BOP.). Petitioner has properly brought his claim under Section 2241 because he challenges as unlawful the manner in which his sentence is being executed, not the legality of the underlying sentence itself. C*apaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

A federal prisoner must proceed under Section 2241 in the district court having jurisdiction over his custodian. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir.1991). At the time Respondent filed its response, Respondent conceded that this District is the proper venue for Petitioner's action and did not raise an issue regarding the Court's jurisdiction over Petitioner's custodian. *See* Response at 3. Since that time, Petitioner has begun his three year term of supervised release within this District. Thus, the petition is properly before the Court in this

7

District.  *See United States v. Dohrmann*, 36 Fed.App'x. 879, 881 (9th Cir. 2002) (relevant custodian for purposes of Section 2241 for petitioner on supervised release is the petitioner's supervised release administrator).

As an initial matter, the Court clearly has jurisdiction to adjudicate the Section 2241 petition.  Even though Respondent raises a threshold issue of the Court's jurisdiction to adjudicate the petition, Respondent's only jurisdictional argument is that jurisdiction does not exist because Petitioner has not exhausted administrative remedies.  However, the necessity of exhaustion is not a jurisdictional limitation on the power of the court to hear a habeas corpus petition.  *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987); *Rayner v. Lee*, 2020 WL 58610 at *4 (M.D. Tenn. Jan. 6, 2020).  Indeed, the lack of exhaustion is an affirmative defense to a Section 2241 petition, *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013), and may be waived or excused.  *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 235-36 (6th Cir. 2006).

Nevertheless, the full exhaustion of administrative remedies is generally a prerequisite to obtaining relief under § 2241. *Fazzini*, 473 F.3d at 231; *Campbell v. Barron*, 87 Fed.App'x 577 (6th Cir. 2004).  "Although a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies."  *United States v. Dowell*, 16 Fed.App'x 415, 420 (6th Cir. 2001); *United States v. Singh*, 52 Fed.App'x 711, 712 (6th Cir. 2002).  This is because it is the Attorney General, through the BOP, that is responsible in the first instance for computing sentence credits toward a term of federal imprisonment.  *United States v. Wilson*, 503 U.S. 329, 333 (1992); *Key v. United States*, 2012 WL 726261 at *2 (M.D.Tenn. Mar. 1, 2012) (Trauger, J.)

8

("After a defendant has been sentenced, the Attorney General of the United States, through the Bureau of Prisons, bears the responsibility for administering the sentence.").

The BOP maintains an administrative remedy procedure for inmates to challenge aspects of their confinement, including the computation of their sentences and the denial of sentence credits. *See Wilson*, 503 U.S. at 335 (1992); *Campbell*, *supra*. The Code of Federal Regulations at 28 C.F.R. §§ 542.10-542.19 sets out the administrative remedy procedures and provides for a four-step administrative remedy process: 1) an attempt at informal resolution; 2) a request for administrative remedy to the prisoner's warden; 3) an appeal to the Regional Director for the Bureau of Prisons; and, 4) a final appeal to General Counsel for the Bureau of Prisons. *See* 28 C.F.R. §§ 542.13–542.15.

Although Petitioner has presented evidence showing extensive informal attempts by him to obtain FTC, *see* Docket Entry Nos. 1-1 at 27; 1-3; 1-4; and 22, and showing specifically that he proceeded through the first two steps of the administrative remedy process for his complaints about the computation of his sentence, *see* Docket Entry No. 1-5, he has not shown that he proceeded through the final two steps of the available administrative remedy process. Without this showing, it cannot be concluded that Petitioner fully exhausted his available administrative remedies prior to filing his Section 2241 petition.[10] And, given this failure, dismissal of Plaintiff's petition is warranted. *Campbell*, *supra*.

---

[10] Although Respondent raised the exhaustion defense, Respondent failed to both 1) specifically argue the defense in terms of the actual administrative remedy process available to Petitioner and 2) provide any evidentiary materials from the BOP that would have clarified the extent to which Petitioner complied or failed to comply with the administrative remedy process.

9

Petitioner offers no actual explanation of why he failed to pursue the final two steps of the administrative grievance process. Instead, he argues that exhaustion of administrative remedies should not be required because: 1) he faces irreparable harm from the violation of his constitutional rights; 2) the issue is solely one of statutory interpretation; and, 3) it would be futile to pursue exhaustion because he is past his release date and the BOP "appears to have ignored his appeal." *See* Reply at 3.

The Court is unpersuaded by any of these arguments and finds no basis upon which to waive the exhaustion requirement. Petitioner is not subject to irreparable harm, nor is the possibility of early release from his term of supervised release foreclosed. By its own terms, the First Step Act provides that FTC accrued under Section 3632(d)(4)(A) may be applied to a term of supervised release. 28 U.S.C. § 3632(d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release.").[11]

The issue raised by Petitioner is not merely one of statutory interpretation. To the contrary, it involves a factually specific matter of whether the programs and activities Petitioner participated in qualify him for FTC under Section 3632(d)(4)(A). This type of factual matter is exactly the type of issue that should be fleshed out at the administrative level prior to adjudication by the Court. *See Maggio v. Joyner*, 2021 WL 1804915 at *1 (E.D.Ky. Mar. 25, 2021) (denying Section 2241 petition for earned time credits under Section 3632(d)(4)(A)). Petitioner's contention that

---

[11] Because of the statutory authorization for FTC to be applied to a term of supervised release, this petition has not become moot upon Petitioner's release from the term of his imprisonment, as the case law holds that it would have otherwise become. *See United States v. Johnson*, 529 U.S. 53, 60 (2000); *United States v. Goldberg*, 239 Fed.App'x 993, 994 (6th Cir. 2007).

Respondent has conceded that he has earned FTC under Section 3632(d)(4)(A) by not factually contesting, and by acquiescing through silence, his assertion that he is due such credits is simply self-serving. Such a concession would need to be clearly and affirmatively made by Respondent, which has not occurred in either the instant case or in Petitioner's underlying criminal case. The out-of-circuit case relied upon by Petitioner as support for his claim, *Hare v. Ortiz*, 2021 WL 391280 (D.N.J. Feb. 4, 2021), *see* Petitioner's Motion for Summary Judgment (Docket Entry No. 24), is both distinguishable and unpersuasive, and the Court declines to adopt the decision in that case.

Petitioner's futility argument is wholly unconvincing given the lack of any evidence that he attempted to pursue the final two avenues of the administrative process by lodging his claim with the Regional Director and then the BOP General Counsel via appeals. Petitioner's vague assertion that "the BOP appears to have ignored his appeal," *see* Reply at 3, is unsupported by any actual evidence that such an appeal was filed by him. Unlike the documents that he attached to his petition showing compliance with the first two steps of the administrative remedy process, he has not provided any documents showing compliance with the final two steps.[12] Further, the possibility of Petitioner's continued pursuit of an administrative remedy exists given that the remedies provided by 28 C.F.R. §§ 542.13–542.15 may be pursued by "former inmates for issues that arose during their confinement." 28 C.F.R. § 542.10(b).

---

[12] Although not raised as a futility argument by Petitioner, to the extent that he could assert that his unsuccessful request to the BOP's Designation and Sentence Computation Center ("DSCC") for FTC relieves him of the requirement of exhaustion, the Court rejects such an argument for the reasons set forth in *Blumling v. United States*, 2020 WL 4333006 at *12-14 (N.D.Ohio July 28, 2020).

11

Because the Court finds that dismissal of the petition for lack of exhaustion is warranted, it is unnecessary to address Respondent's alternative argument that the petition should be denied on the merits other than to note that 1) Respondent's argument about Good Conduct Time Credits is irrelevant because there is no actual claim about these credits and 2) Respondent makes no argument about the merits of the actual claim at issue, FTC under Section 3632(d)(4)(A), asserting only that such a claim is not exhausted. *See* Response at 7.

As a final matter, to the extent that Petitioner contends that his claim may be alternatively considered as a civil claim that is brought pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331 in order to seek an injunctive remedy for a constitutional violation, *see* Petition at 10-11, he is mistaken. A constitutional challenge to the duration of confinement, such as the challenge raised by Petitioner, must be pursued through a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the petition for habeas corpus relief filed in this action be DENIED and this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge